**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Larry Darnell Crayton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1061-HLT-GEB |
| | ) | |
| LVNV Funding, LLC and WebBank | ) | |
| d/b/a Fingerhut, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF DISMISSAL

**I.      Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

**II.      Recommendation of Dismissal**

Plaintiff filed his Complaint alleging violations of the Fair Credit Reporting Act on April 10, 2025.[1] On September 5, 2025, the Court granted Plaintiff's Motion for Leave to Proceed in forma pauperis and the clerk of court undertook service of the Defendants.[2] Defendant WebBank filed an Answer on October 6, 2025.[3] Defendant LVNV Funding,

---

[1] ECF No. 1.
[2] ECF No. 10.
[3] ECF No. 17.

LLC filed an Answer and Affirmative Defenses on October 31, 2025.[4] The Court then issued its' Initial Scheduling Order directing parties to confer as required by Fed. R. Civ. P. 26(f) by November 27, 2025 and to submit a proposed scheduling order and their Rule 26(a)(1)(A) initial disclosures to the Court by December 11, 2025.[5]

On November 26, 2025, Counsel for WebBank and LVNV met and conferred pursuant to this Court's Initial Order Regarding Planning and Scheduling. Counsel for WebBank and LVNV sent Plaintiff several emails to schedule the meet and confer. Counsel for WebBank and LVNV also provided Plaintiff their proposed scheduling order and requested that he provide any suggestions or revisions he might have. Defendants report Plaintiff never responded to either conferral attempt. Defendants then timely submitted their version of the proposed scheduling order to the Court on December 11, 2025. Defendant LVNV appeared through counsel Nathaniel Spilman by videoconference for the Scheduling Conference on December 12, 2025 at 11 a.m. Defendant WebBank also appeared through counsel Benjamin D. Mooneyham by videoconference. Plaintiff neither appeared for the scheduled Scheduling Conference nor did he provide notice that he would not attend.

So, on December 18, 2025, the Court issued a Show Cause order scheduling another hearing and directing Plaintiff to show cause in writing why the matter should not be dismissed for failure to prosecute where Plaintiff is failing to appear. Plaintiff then failed to provide any revisions to the proposed schedule, as directed in the Show Cause order, by

---

[4] ECF No. 22.
[5] ECF No. 23.

the January 8, 2026 deadline. Instead, Plaintiff filed ECF Nos. 28-30, that do not articulate any reasoning for why Plaintiff has failed to participate in the scheduling of his case, only stating he is "appearing in exclusive equity jurisdiction and not in statutory capacity." Regardless of what posture Plaintiff wants for his matter, he was obligated to comply with Court orders and appear for the scheduled Show Cause hearing. But on January 27, 2026, again, both Defendants appeared through their representative counsel for the scheduled Show Cause hearing and Plaintiff, again, failed to appear in person or by videoconference, nor did he provide notice that he would not attend.

Plaintiff commenced this action and, as a party to it, has an obligation to actively pursue and participate in the case. Fed. R. Civ. P. 41(b) allows dismissal of a lawsuit if "the plaintiff fails to prosecute or to comply with these rules or a court order."[6] To date, Plaintiff has failed to attend scheduled conferrals with Defendants or appear at the Court's scheduled hearings. Thus, by all appearances, or lack thereof, Plaintiff has failed to prosecute this case by: 1) failing to comply with the Initial Scheduling Order of this Court; 2) not participating in the Fed. R. Civ. P. 26(f) planning conference; 3) failing to appear at the Fed. R. Civ. P. 16 Scheduling Conference on December 18, 2025 at 11:00 a.m.; and 4) failing to effectively respond to the Show Cause order or appear for the January 27, 2026

---

[6] *A&J Mfg., LLC v. L.A.D. Glob. Enterprises, Inc.*, No. 19-2009-KHV, 2020 WL 2495918, at *1 (D. Kan. May 14, 2020) ("Pursuant to Rule 41(b), Fed. R. Civ. P., the Court can dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. . . When the dismissal is without prejudice, 'it is well established in this circuit that a district court is not obligated to follow any particular procedures.'") (citing *Young v. United States*, 316 F. App'x 764, 771, 772 (10th Cir. 2009)); *Gross v. Dunn*, No. 18-3018-SAC, 2018 WL 5807117, at *1 (D. Kan. Nov. 6, 2018).

Show Cause hearing.

Accordingly, **IT IS THEREFORE RECOMMENDED** Plaintiff's claims be dismissed for failure to prosecute per Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated this 20th day of February 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge